**Julie ATCHLEY, Plaintiff,**

**v.**

**COUNTY of DU PAGE, Defendants.**

**No. 83 C 8743.**

United States District Court,
N.D. Illinois, E.D.

July 15, 1986.

---

**1238**

Jeffrey B. Slemmons, Chicago, Ill., for plaintiff.

John T. Elsner, William Kilroy, Jr., Schirott & Elsner, Itasca, Ill., for defendants.

### MEMORANDUM

LEIGHTON, Senior District Judge.

Plaintiff, a former ward of the state, has filed a two-count complaint against defendant alleging she was deprived of her rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments by defendant's gross negligence in placing her in a foster care home. She alleges that while in the foster care home, she was sexually assaulted and raped by the son of her foster parents, became pregnant, and gave birth to a child. She asserts defendant has a duty to supervise foster care and that it has a policy of deferring its responsibilities in this regard to State of Illinois agencies. Count I is brought pursuant to 42 U.S.C. § 1983; Count II sounds in negligence. Now before the court is defendant's motion for summary judgment. The material facts are not in dispute.

In 1979, plaintiff was adjudicated a minor in need of supervision and made a ward of the state. Prior to her dispositional hearing, a psychological evaluation was performed wherein a psychologist recommended group home placement and noted plaintiff was at high risk "for a continued pattern of childhood behavior problems, sexual acting out, illegitimate pregnancy and difficulty with parental relationships." (Plaintiff's Exhibit A) Upon the recommendation of the probation department, Earl and Gloria Napier, who operated a foster home approved and licensed by the state, were granted legal custody of plaintiff by the Circuit Court of DuPage County. It was while plaintiff was in the care of the Napiers that the events that form the basis of this complaint took place.

In its motion for summary judgment, defendant argues, *inter alia*, that plaintiff fails to state a claim under § 1983. It contends that during the relevant period, plaintiff was in the custody and control of the state court and other state agencies. It asserts it neither authorized nor approved the Napier home and had no input in the selection of the home chosen for plaintiff's foster care. According to defendant, its only involvement with plaintiff was to make payments for foster care ordered by the state pursuant to the Juvenile Court Act, Ill.Rev.Stat. ch. 37, ¶ 707-3. It argues that absent a custodial or other special relationship, it had no duty to plaintiff to protect her from improper foster care.

In response, plaintiff asserts defendant was obligated to provide for the care and custody of delinquent children and provide a detention home pursuant to Ill.Rev.Stat. ch. 23, ¶ 2681 *et seq.* According to plaintiff, defendant had a policy of denying minors in need of supervision shelter in the youth home and this policy deprived her of the type of structured environment recommended by the psychologist in his report. She argues this policy constituted deliberate indifference to her serious medical needs.

In reply, defendant asserts that Ill.Rev. Stat. ch. 23, ¶ 2681 merely authorizes it to establish a detention home and levy a tax to support the facility. It argues that the statute does not require any placement or supervision, and explicitly prohibits the placement of a minor in need of supervision in a county detention home. According to defendant, its only responsibility was to provide funds for plaintiff's care; plaintiff has not asserted it failed to provide these funds or that there is any causal connection between any breach of duty owed by defendant and the injuries allegedly suffered by plaintiff.

■ The initial inquiry in § 1983 suits is whether the conduct complained of deprived plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981). There can be no deprivation of these rights unless the government has a constitutionally recognized duty to protect plaintiff. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir.1985). Where the governmental unit has created a custodial or other special relationship with a particular class of individuals, it may have a constitutionally recognized duty to provide certain protections. *Id., see also Doe v. New York City Department of Social Services*, 649 F.2d 134, 141 (2d Cir. 1981), *cert. denied sub nom. Catholic Home Bureau v. Doe*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). But where no special relationship exists, the government has no obligation under the Constitution to protect an individual from harm. *Jackson v. Byrne*, 738 F.2d 1443, 1447 (7th Cir.1985).

■ At the outset, the court notes that plaintiff's only plausible constitutional claim is under the Fourteenth Amendment. She has alleged no action taken by defendant that can properly be characterized as a search or a seizure so that Fourth Amendment rights are implicated. *Cf. Rodgers v. Lincoln Towing Service Inc.*, 771 F.2d 194, 200 (7th Cir.1985). Further, no action by the federal government is alleged as required by the Fifth Amendment. *Jackson*, 738 F.2d at 1446. Finally, although the deprivation of liberty involved in juvenile detention may be sufficiently analogous to criminal punishment to warrant the protection of the Eighth Amendment, *Ingraham v. Wright*, 430 U.S. 651, 669 n. 37, 97 S.Ct. 1401, 1411 n. 37, 51 L.Ed.2d 711 (1977), plaintiff has not cited, nor has the court

found, any case equating placement in a foster care home with detention so that Eighth Amendment protections would apply.

■ Thus narrowed, the issue becomes whether plaintiff had a right to protection under the Fourteenth Amendment, triggering a corollary duty in defendant to provide it. It is not disputed that defendant had no statutory duty to place plaintiff or supervise her foster care; this duty rests with the state.[1] Thus, no custodial relationship was created between plaintiff and defendant. But the creation of an affirmative duty under § 1983 is not limited to custodial relationships and can include other special relationships created by the government. *See e.g., Estate of Bailey v. County of York*, 768 F.2d 503, 510–11 (3d Cir.1985); *Jensen v. Conrad*, 747 F.2d 185, 194 (4th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1754, 84 L.Ed.2d 818 (1985). The precise contours of what may constitute a special relationship remain nebulous though, and have been developed by the courts on a case-by-case basis.

According to the Seventh Circuit, in determining whether a special relationship exists, the court must look to whether the government has put the individual in a position of danger. *See Ellsworth v. City of Racine*, 774 F.2d 182, 185 (7th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986) (*quoting Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir.1982)); *see also Jensen*, 747 F.2d at 192 (discussing *Bowers* ). Two factors are relevant to this analysis: (1) whether the danger the defendant allegedly had a duty to prevent was directed at a specific individual versus the public at large and (2) how closely the danger is linked to the actions of defendant. *Ellsworth*, 774 F.2d at 187 (Coffey, J., concurring).[2]

---

**1.** The Illinois Department of Children and Family Services licensed the Napiers' home. (Defendant's Exhibit B, Deposition of Susan Bassett, Assistant Supervising Probation Officer, Circuit Court of DuPage County at 22.) *See* Ill.Rev.Stat. ch. 23, ¶ 2215. The probation department that placed plaintiff operates under

the authority and supervision of the state court, and not defendant County. Ill.Rev.Stat. ch. 37, ¶ 706–1. Defendant had no involvement in foster care placements. (Defendant's Exhibit B, *supra* at 11).

**2.** The court in *Jensen* noted three factors that should be considered in determining whether a

Utilizing this framework, the court concludes the relationship between plaintiff and defendant does not rise to the level of a special relationship as defined in this circuit. Defendant had no role in the placement or monitoring of plaintiff's foster care, thus it cannot be charged with putting her in a position of danger. Whatever danger may have been present was unrelated to any action or inaction of defendant. Moreover, plaintiff's argument that defendant had a statutory duty to provide a detention home is simply without merit. Defendant correctly points out that this statute merely authorizes it to establish a detention home and levy a tax in order to support it. Ill.Rev.Stat. ch. 23, ¶ 2681. Further, the statute specifically prohibits housing minors in need of supervision in a detention home.[3] Thus, defendant's only obligation was to provide the funds to pay for plaintiff's foster care pursuant to the Juvenile Court Act. Ill.Rev.Stat. ch. 37, ¶ 707–3.

Because defendant is not charged with responsibility for foster care placement or regulation, the court cannot conclude that the provision of funds alone created a special relationship between the parties so as to give rise to a constitutional duty on defendant's part to protect plaintiff. Accordingly, defendant's motion for summary judgment is granted as to Count I for failure to state a cognizable claim under 42 U.S.C. § 1983.[4] The court, in its discretion, dismisses the pendent state law claim. *Jackson*, 738 F.2d at 1448.

So ordered.

special relationship exists: (1) whether the plaintiff was in legal custody of defendants at the time of the incident or just prior to it, (2) whether the government has expressly stated its desire to provide affirmative protection to a particular class and (3) whether defendant knew of plaintiff's plight. *Jensen*, 747 F.2d at 194–95 n. 11. This analysis would not change the results in this case. Plaintiff was not in the custody of defendant, there was no stated obligation on the part of defendant to provide protection to minors in foster care homes, and there is no evidence defendant was aware of plaintiff's plight.

**3.** At least one court has noted that housing children such as plaintiff with delinquent minors and subjecting them to the same conditions of confinement may itself constitute cruel and unusual punishment proscribed by the Eighth Amendment. *Nichols v. Laymon*, 506 F.Supp. 267, 273 (N.D.Ill.1980).

**4.** Because the court holds plaintiff has failed to state a claim under § 1983, it need not decide whether defendant acted pursuant to an official policy. *Ellsworth*, 774 F.2d at 184 n. 2.